12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles FRALEY, Petitioner-Appellant,
v.
Terry L. MORRIS, Warden, Respondent-Appellee.
 No. 93-3062.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 1
 AFFIRMED.
 
 
 2
 Before: KENNEDY and BATCHELDER, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 3
 Charles Fraley, an Ohio prisoner, appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. Sec. 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In 1979, Fraley was convicted by a jury of one count of aggravated robbery and one count of aggravated murder. He is now serving an aggregate term of life imprisonment as a result of these convictions.
 
 
 5
 In his current petition, Fraley alleged that he had been denied effective assistance of appellate counsel because counsel had failed to raise several issues in the direct appeal of his conviction in state court. The district court initially dismissed the petition for lack of exhaustion, but this court vacated that judgment and remanded the case holding that Fraley's claims had been properly exhausted. On December 21, 1992, the district court denied the petition on the merits and dismissed the case. It is from this judgment that Fraley now appeals.
 
 
 6
 Fraley's Sixth Amendment right to assistance of counsel includes the right to have effective counsel in his first appeal of right. See Evitts v. Lucey, 469 U.S. 387, 394 (1985). To prevail on his present claim, Fraley must show not only that his counsel's performance was deficient but also that there is a reasonable probability his appeal would have been decided differently but for counsel's errors. See Strickland v. Washington, 466 U.S. 668, 690-92 (1984). An examination of the record indicates that Fraley has not met this test.
 
 
 7
 Fraley argued that counsel was ineffective because counsel failed to raise three additional issues on direct appeal: 1) his conviction for aggravated robbery was based upon insufficient evidence; 2) the trial court erred by failing to instruct the jury on proximate cause; and 3) the trial court's instructions did not define attempt in relation to aggravated robbery.
 
 
 8
 Fraley has not argued that there was insufficient evidence of armed robbery in his appellate brief to this court. He has, therefore, abandoned his claim that counsel was ineffective by virtue of his failure to raise this issue on direct appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Fraley does argue that appellate counsel was ineffective because counsel did not argue that the trial court erred by failing to instruct the jury that proximate cause was an element of aggravated murder. In essence, Fraley argues that the trial court should have advised the jury that his conviction under Ohio's felony-murder statute would be appropriate only if the victim's death had been the natural and probable result of an aggravated robbery or attempted robbery. However, Ohio's aggravated murder statute does not require this element. Ohio Rev.Code Sec. 2903.01(B). It merely requires that defendant "cause" the victim's death "while" committing, attempting to commit or fleeing immediately after the commission or attempt to commit one of several enumerated felonies. The trial court's instructions clearly outline each of these elements using the same language as the statute. The court also defined the element of causation by specifically defining the word "while" as follows:
 
 
 10
 While means that the killing must occur as part of the act leading up to or occurring during the aggravated robbery or attempted aggravated robbery and that the killing was directly associated with the aggravated robbery or attempted aggravated robbery.
 
 
 11
 Therefore, appellate counsel was not ineffective by virtue of his failure to challenge the trial court's aggravated murder instructions on direct appeal.
 
 
 12
 Fraley also argues that counsel was ineffective because he failed to challenge the trial court's instructions on aggravated robbery. In particular, Fraley argues that the trial court did not adequately define criminal attempt, even though the jury could have based its verdict on a finding that he attempted to commit a theft offense. Fraley correctly observes that the trial court did not define criminal attempt within the context of its aggravated robbery charge. However, the court provided a clear definition of attempt when it instructed the jury that aggravated robbery could serve as a predicate offense for aggravated murder. Fraley does not argue that the court defined criminal attempt incorrectly. Instead, he argues that the jury would not know that the definition applied to the aggravated robbery charge per se, as well as the charge on aggravated robbery as an element of aggravated murder. There is not a reasonable probability that raising this argument would have changed the outcome of Fraley's direct appeal. Thus, Fraley's appellate counsel was not ineffective despite his failure to do so.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation